UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDVIS WALLACE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:23-cv-1399-ACA |
| TUSCALOOSA POLICE DEPARTMENT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Judvis Wallace, who is proceeding *pro se*, alleges that in 2017, police officers employed by Defendant Tuscaloosa Police Department shot him three times. The Department moves to dismiss Mr. Wallace's claim. Because the Department is not a legal entity subject to suit, the court **WILL GRANT** the Department's motion to dismiss (doc. 10) and **WILL DISMISS** this action **WITH PREJDUCE**. Because the court will dismiss his claim, the court **WILL DENY** Mr. Wallace's motion for appointment of counsel (doc. 12) **AS MOOT**.

I.  **BACKGROUND**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises,*

*Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). Accordingly, these are the facts alleged by Mr. Wallace construed in the light most favorable to him:

On October 12, 2017, members of the Department shot Mr. Wallace three times. (Doc. 6 at 5). These officers also shot into a house ninety-seven times. (*Id*. at 4). Mr. Wallace contends that the Department owes him $30 million for this event, and he further requests that the Department drop any cases pending against him. (*Id*. at 5).

The court is mindful that Mr. Wallace is proceeding *pro se*, and in such a circumstance, "the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard[]" to the pleadings submitted by a *pro se* plaintiff, such "leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). Construing Mr. Wallace's complaint liberally, the court concludes that Mr. Wallace intends to allege one claim under 42 U.S.C. § 1983: that the Department violated his Fourth Amendment rights by using excessive force. (*See* doc. 6 at 5).

## II.   DISCUSSION

The Department moves to dismiss Mr. Wallace's claim on two grounds. First, the Department asserts that it "is not a legal entity for the purpose of suit" because it is a department of the City of Tuscaloosa. (Doc. 10 ¶ 1). Second, the Department contends Mr. Wallace's claim is ultimately because he "filed his complaint over five years from the date of the alleged shooting" and three years after any applicable statute of limitations had expired. (*Id.* ¶ 2). Although Mr. Wallace "disagree[s]" with the Department's arguments, he does not respond specifically to them other than to assert a lack of mental competence. (*See* doc. 13).

The court considers only the Department's first argument: that it is not a legal entity for purpose of suit. (Doc. 10 ¶ 1). "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (quotation marks and internal citations omitted) (affirming dismissal of the Jefferson County Sheriff's Department in a § 1983 case). Under Alabama law, "the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) (quotation marks omitted). And police departments are "[a]mong subordinate entities generally

3

lacking the capacity to sue or be sued separately." *Id*. (quotation marks omitted). Accordingly, the court concludes that the Department is not a separate legal entity for purposes of this suit.

The court therefore **WILL GRANT** the Department's motion to dismiss (doc. 10) and **WILL DISMISS** Mr. Wallace's claim **WITH PREJUDICE**. Mr. Wallace also moves for appointment of counsel. (Doc. 12). Because the court will dismiss his claim, the court **WILL DENY** his motion **AS MOOT**.

### III. CONCLUSION

The court **WILL GRANT** the Department's motion to dismiss (doc. 10) and **WILL DISMISS** Mr. Wallace's claim **WITH PREJUDICE**. The court **WILL DENY** Mr. Wallace's motion for appointment of counsel (doc. 12) **AS MOOT**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this January 29, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE